IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| OTTO D. MILLER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:19-cv-105-DNH-CFH |
| UNIVERSITY OF MARYLAND, BALTIMORE COUNTY, | * | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS

BRIAN E. FROSH
Attorney General of Maryland

*/S/ LILLIAN L. REYNOLDS*
LILLIAN L. REYNOLDS (PRO HAC VICE)
Assistant Attorney General
Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202-2021
Phone: (410) 576-6481
Fax: (410) 576-6437

*Attorneys for Defendant University of Maryland, Baltimore County*

## **TABLE OF CONTENTS**

                                                          **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

STANDARDS OF REVIEW ................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

       I.       Plaintiff's Complaint Is Barred by the Eleventh Amendment. .............................. 2

       II.      Plaintiff's Complaint Should Be Dismissed Because the Court Lacks
               Personal Jurisdiction Over the University. .............................................................. 5

CONCLUSION ......................................................................................................................... 7

## PRELIMINARY STATEMENT

Defendant the University of Maryland, Baltimore County (the "University"), by undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2), hereby submits this Memorandum of Law in Support of its Motion to Dismiss.

Plaintiff Otto D. Miller ("Plaintiff") filed a single-count Complaint against the University on January 25, 2019, alleging a negligence claim based on personal injuries suffered by Plaintiff in Baltimore, Maryland on or around January 25, 2016. Compl., ECF No. 1 at 6-7. Plaintiff seeks to recover damages from the University. *Id.* at 4. As explained more fully below, Plaintiff's Complaint against the University should be dismissed because it is barred by Eleventh Amendment and sovereign immunity, and because the Court lacks personal jurisdiction over the University.

## STANDARDS OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Id.* (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). The Second Circuit has affirmed that sovereign immunity is a jurisdictional bar. *See id.* ("The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff bears the burden of establishing that her claims fall within an applicable waiver.") (citations omitted); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

In considering a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's personal jurisdiction over a particular defendant. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566-67 (2d Cir. 1996). Although a court should construe the pleadings and affidavits in the light most favorable to the plaintiff, the "[p]laintiff's allegations must provide 'factual specificity necessary to confer jurisdiction.'" *Minholz v. Lockheed Martin Corp.*, 227 F. Supp. 3d 249, 255 (N.D.N.Y. 2016) (citation omitted). In order to make a prima facie showing of personal jurisdiction, "a plaintiff must demonstrate a statutory basis for personal jurisdiction over the defendant, and that the Court's exercise of jurisdiction over the defendant is in accordance with constitutional due process principles." *Id.* at 256 (citations omitted).

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT IS BARRED BY THE ELEVENTH AMENDMENT.

Plaintiff's negligence claim against the University should be dismissed because it is barred by the Eleventh Amendment to the United States Constitution. *See* U.S. Const. Amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). "The Eleventh Amendment applies unless a state affirmatively waives its immunity, or if Congress, through a statute passed as a valid exercise of its power under Section Five of the Fourteenth Amendment, makes 'unmistakably clear' in the statute's text its intent to abrogate the states' immunity." *Doe v. Del. State Police*, 939 F. Supp. 2d 313, 321 (S.D.N.Y. 2013) (internal citations omitted). "A claim that is barred by a state's sovereign immunity must be dismissed pursuant to the Eleventh Amendment for lack of subject matter jurisdiction." *Id.* (citations omitted).

The University of Maryland, Baltimore County is a constituent institution of the University System of Maryland, which is an independent governmental unit of the State of Maryland. *See* Md. Code Ann., Educ. §§ 12-102(a)(1)-(3) (the University System of Maryland is "an instrumentality of the State" and "an independent unit of State government."); Md. Code Ann., Educ. § 12-101(b)(6)(ii) (the University of Maryland, Baltimore County is a "constituent institution" of the University System of Maryland). As a result, the University is an arm of the State of Maryland and partakes of its Eleventh Amendment sovereign immunity. *See Palotai v. Univ. of Md. Coll. Park*, 959 F. Supp. 714, 716 (D. Md. 1997) ("The University of Maryland is . . . 'an arm of the State [of Maryland] partaking of the State's Eleventh Amendment immunity.'") (internal quotation marks and citation omitted); *Dennard v. Towson Univ.*, 62 F. Supp. 3d 446, 451 (D. Md. 2014) ("[P]er statute, Towson University is a 'constituent institution' of the University System of Maryland which is itself 'an arm or agency of the state government' entitled to sovereign immunity.").

Plaintiff's Complaint against the University should be dismissed because neither of the recognized exceptions to Eleventh Amendment immunity apply in this case. First, Congress has not abrogated states' Eleventh Amendment immunity for common law tort claims. *See Doe*, 939 F. Supp. 2d at 322 (there is "no question of congressional abrogation" where claims are based on state common law).

Additionally, the University has not waived its immunity from federal-court jurisdiction for state law tort claims; nor has it waived its sovereign immunity for tort claims filed in federal, as opposed to Maryland state, courts. "A state may waive its sovereign immunity only voluntarily, and the 'test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one.'" *Id.* at 323 (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary*

3

*Educ. Expense Bd.*, 527 U.S. 666, 675 (1999)).  As the Second Circuit has observed, "the Supreme Court has frequently instructed that a state will not be deemed to have waived its sovereign immunity unless the waiver is express and unequivocal."  *Doe v. Pataki*, 481 F.3d 69, 78 (2d Cir. 2007) (citations and internal quotation marks omitted).

Maryland has not waived its sovereign immunity with respect to suits in federal court based on state law claims.  Rather, Maryland has generally retained its state sovereign immunity and has enacted a *limited* waiver of sovereign immunity for certain tort claims, but only if such claims are brought in a Maryland *state* court.  Specifically, Section 12-104 of the Maryland Tort Claims Act (the "MTCA", Md. Code Ann., State Gov't §§ 12-101, *et seq*.), provides that "[s]ubject to the exclusions and limitations in this subtitle and notwithstanding any other provision of law, the immunity of the State and of its units is waived as to a tort action, ***in a court of the State***, to the extent provided . . . [in] this subsection."  Md. Code Ann., State Gov't § 12-104(a)(1) (emphasis added).  Additionally, the MTCA is clear that it does not constitute a waiver of the State's Eleventh Amendment immunity.  *See* Md. Code Ann., State Gov't § 12-103(2) (stating that the MTCA does not "waive any right or defense of the State or its units . . . in an action in a court of the United states or any other state, including any defense that is available under the 11th Amendment to the United States Constitution.").

Thus, as the United States District Court for the District of Maryland has repeatedly found and the Fourth Circuit has affirmed, Maryland's "waiver of sovereign immunity in the Maryland Tort Claims Act clearly limits the state's waiver of immunity to actions brought in the Maryland state courts."  *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 397 (4th Cir. 1990) (citing *Smith v. Bernier*, 701 F.Supp. 1171 (D. Md. 1988)); *see also Davenport v. Maryland*, 38 F. Supp. 3d 679, 691 (D. Md. 2014) ("[W]hile Maryland has . . . waived its sovereign immunity in

4

state court for certain tortious actions by state personnel, it has not consented to tort suits in federal court.") (citing Md. Code Ann., State Gov't §§ 12-104, 12-103(2)); *Bell v. Univ. of Md. Coll. Park Facilities Mgmt.*, Civ. A. No. PX-17-1655, 2018 WL 3008325, at *5 (D. Md. June 14, 2018) (dismissing plaintiffs' tort claims against the University of Maryland College Park "[b]ecause Maryland has not waived its Eleventh Amendment immunity to suit in [federal court].").[1]

Thus, the University has not consented to federal court jurisdiction, nor waived its sovereign immunity for tort claims filed in federal court, for common law tort claims. Accordingly, Plaintiff's Complaint against the University should be dismissed for lack of jurisdiction.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER THE UNIVERSITY.

Even if Plaintiff's Complaint was not barred by Eleventh Amendment and Maryland's sovereign immunity, it should be dismissed because this Court lacks personal jurisdiction over the University. First, Plaintiff has not established that this Court has general jurisdiction over the University because the Complaint is devoid of any allegations that the University has contacts with New York that are "so continuous and systematic" as to render the University "at home" in New

---

[1] Plaintiff's negligence claim would be barred by sovereign immunity even if he had filed in a Maryland state court initially. For conduct occurring prior to October 1, 2016, as a precondition for the State of Maryland waiving its sovereign immunity, a plaintiff was required to file a Notice of Claim with the State Treasurer within one year of conduct for which the State's liability is claimed. Md. Code Ann., State Gov't § 12-106(b). Plaintiff failed to do so in this matter, or to file a motion requesting waiver of the requirement, as required by Md. Code Ann., State Gov't § 12-106 (c)(1). As a result, even if brought in Maryland state court, Plaintiff's claim would be barred by Maryland's sovereign immunity because Plaintiff has not satisfied one of the conditions precedent to Maryland's limited waiver of its immunity for tort claims. *See, e.g.*, *Barbre v. Pope,* 402 Md. 157, 181, 935 A.2d 699, 713 (2007) ("In the case *sub judice,* Pope failed to provide written notice to the State Treasurer or a designee of the State Treasurer within one year of the injury, and thus summary judgment under the immunity and non-liability provisions of the MTCA was appropriate.").

York.  *See Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 799 (S.D.N.Y. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)).  Indeed, there are a "myriad of cases holding that national universities are not subject to general jurisdiction outside of their state of incorporation or operation[.]"  *Id.* at 800 (collecting cases).

Nor is there any basis for specific jurisdiction as none of the specific types of contact with New York that are set forth in N.Y. CPLR § 302(a) are present in this case, which is based on alleged negligent acts which occurred entirely in Maryland.  Specifically, Plaintiff's claim does not arise from the University's transaction of business in New York (N.Y. CPLR § 302(a)(1)); from the commission of a tortious act within New York (N.Y. CPLR § 302(a)(2)); from a tortious act outside New York that caused injury within New York; (N.Y. CPLR § 302(a)(3)); or from the ownership, use or possession of any real property in New York (N.Y. CPLR § 302(a)(4)).  *See, e.g.*, *Thackurdeen*, 130 F. Supp. 3d at 801-08 (finding that New York court lacked specific jurisdiction over claims of North Carolina university student who was injured in an accident in Costa Rica).

As a result, the Court lacks personal jurisdiction over the University and Plaintiff's Complaint should be dismissed.[2]

---

[2] It is unnecessary to address whether the Court's exercise of personal jurisdiction comports with constitutional Due Process principles because there is no statutory basis for personal jurisdiction in this case. *See Penguin Grp. (USA), Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) ("[A]nalysis under Due Process principles is not necessary unless there is long-arm jurisdiction under the applicable state statute.").  However, based on the lack of contacts between the University and New York, the Court's exercise of personal jurisdiction over the University would also "offend traditional notions of fair play and substantial justice" under the standards set forth in *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Similarly, because the events giving rise to Plaintiff's claim occurred in Maryland, dismissal of Plaintiff's Complaint is also appropriate pursuant to Rule 12(b)(3) for improper venue. *See Minholz*, 227 F. Supp. 3d at 260 ("For venue to be proper, *significant* events or omissions

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

*/S/ LILLIAN L. REYNOLDS*
LILLIAN L. REYNOLDS (PRO HAC VICE)
Assistant Attorney General
Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202-2021
Phone: (410) 576-6481
Fax: (410) 576-6437

*Attorneys for Defendant University of Maryland, Baltimore County*

---

*material* to the plaintiff's claim must have occurred in the district in question. . . .") (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (emphases in original)).